# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA F. EGAN, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HYUNDAI LEASE TITLING TRUST, HYUNDAI CAPITAL AMERICA, INC., HYUNDAI MOTOR AMERICA, INC., and JOHN DOES 1-25,<br><br>    Defendants. | Civil Action No. :<br><br><br><br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Hyundai Lease Titling Trust, Hyundai Capital America, Inc., and Hyundai Motor America, Inc. (collectively "Defendants") by their attorneys, hereby remove this action from the Superior Court of New Jersey, Law Division, Monmouth County to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendants state as follows:

1.  Plaintiff Maria F. Egan originally commenced this action by filing a putative class action Complaint against Defendants in the Superior Court of New Jersey, Law Division, Monmouth County, where it is presently captioned *Maria F. Egan v. Hyundai Lease Titling Trust, et al.*, docket number L-000036-18.

2. Pursuant to 28 U.S.C. §1446(a), a copy of the Complaint is attached as **Exhibit A**.

3. Plaintiffs served the Complaint on Defendant Hyundai Capital America, Inc. on January 5, 2018. Plaintiff served the Complaint on Defendant Hyundai Lease Titling Trust on January 30, 2018.

4. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

5. At the time of removal, no other process, pleadings, or orders were served on Defendants. A copy of the eCourts Case Summary is attached as **Exhibit B**.

## Summary of Allegations

6. The Complaint alleges that Plaintiff entered into a Lease Agreement for a 2016 Hyundai Tucson, and that the Lease Agreement was assigned by the dealership to Defendant Hyundai Lease Titling Trust. *Compl.* ¶¶ 12-14.

7. Plaintiff claims that the Lease Agreement violates Plaintiff's rights established by the United States Bankruptcy Code, 11 U.S.C. § 365(e)(1), because, by its terms, Plaintiff could default on the Lease Agreement by filing for bankruptcy. *Compl.* ¶¶ 17-20, 23, 30, 36.

8. The Complaint also alleges that the Lease Agreement contains an unconscionable Class Action Waiver term and "to-the-extent-permitted-by-

applicable-law" term in violation of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-2. *Compl.* ¶¶ 21, 31, 38.

9. According to the Complaint, the Lease Agreement's violation of the United States Bankruptcy Code and inclusion of an unconscionable terms constitute violations of the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-15 *et seq.*

10. On this basis, Plaintiff, on behalf of a class, seeks declaratory judgment that the Lease Agreement (and similar leases) violates the United States Bankruptcy Code, 11 U.S.C. § 365(e)(1), and the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-2.

11. The Prayer for relief specifically requests, "Entry of a declaratory judgment in favor of the [putative] Class that Defendants' New Jersey Lease agreement Sections 25C, 25D, and 22C in combination violate 11 U.S.C. § 365(e)(1)…." *Compl. at p. 11* (Prayer for Relief paragraph (c)).

12. The Complaint further identifies as a purported common question of law and fact whether Sections 25C, 25D, and 22C of the Lease violated 11 U.S.C. § 365(e)(1). *Compl.* ¶ 30(b).

13. Plaintiff, on behalf of the class, also seeks judgment against Defendants for statutory damages, reasonable attorneys' fees, and costs of suit for Defendants' alleged violations of TCCWNA.

## Basis for Removal

14. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

15. 28 U.S.C. § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

16. Plaintiff's Bankruptcy claim presents a substantial federal question "arising under the . . . laws . . . of the United States." Accordingly, Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(a); *ACR Energy Partners, LLC v. Polo North Country Club, Inc.*, 143 F. Supp. 3d 198, 202-03 (D.N.J. 2015) (citing *Krashan v. Oliver Realty, Inc.*, 895 F. 2d 111, 113 (3d Cir. 1990)) (holding district court has original jurisdiction where, though pleaded through state-law causes of action, the complaint sought a declaration of rights under the Bankruptcy Code, 11 U.S.C. § 365).

17. Alternatively, 28 U.S.C. § 1334(b) provides that the district courts shall have original jurisdiction of all civil proceedings "arising under title 11, or arising in or related to cases under title 11" of the Bankruptcy Code.

18. This Court thus has original jurisdiction over Plaintiff's class action complaint because it "involve[s] a substantive right created under the Bankruptcy

Code," and "require[s] an interpretation of the meaning and effect of [Plaintiff's] section 365[] rights." *ACR Energy Partners*, 143 F. Supp. 3d at 205 (citing *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006); *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F. 3d 552, 556 (3d Cir. 1999)).

19. Moreover, this Court has "implied" or "embedded" jurisdiction over Plaintiff's putative class action complaint because: Plaintiff's claims necessarily raise a federal issue, namely Plaintiff's rights under 11 U.S.C. § 365(e); the issue is actually disputed; the issue is substantial and critical not only to the parties and the putative class, but to the entire federal system; and, by entertaining this action, the Court would not be disturbing any congressionally approved balance of federal and state responsibilities. *Grable & Sons Metal Prods., INc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005); *see also Gunn v. Minton*, 568 U.S. 215, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013)).

20. This Court has supplemental jurisdiction over Plaintiff's state law claims because the state law claims arise from the same nucleus of facts, are necessarily intertwined with, and "form part of the same case or controversy" as the Bankruptcy claim for which the Court has original jurisdiction. 28 U.S.C. § 1367.

21. All of Plaintiff's claims, as explicitly pleaded, are based on the same or similar leases from Defendants containing a term that violates the United States

Bankruptcy Code, such that similar evidence and witnesses are likely required to prove the claims. *Clevenger v. First Option Health Plan of New Jersey*, 208 F. Supp. 2d 463, 467 (D.N.J. 2002) (exercising supplemental jurisdiction over state law claims against insurer where state and federal claims "forms part of the same case or controversy.").

22. The Superior Court of New Jersey, Law Division, Monmouth County, is located within the District of New Jersey. Therefore, venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a).

23. Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal will be filed with the Superior Court of New Jersey, Monmouth County, Law Division.

24. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal of this action will be served on counsel for Plaintiff Maria F. Egan.

**WHEREFORE**, Defendants give notice that this action is removed from the Superior Court of New Jersey, Monmouth County, Law Division, to the United States District Court for the District of New Jersey.

                                    **REED SMITH LLP**

                                    */s/ David G. Murphy*
                                    David G. Murphy
                                    Princeton Forrestal Village
                                    136 Main Street, Suite 250

                                    Princeton, New Jersey 08540
                                    Tel. (609) 987-0050
                                    Fax (609) 951-0824

                                    Dated: February 2, 2018